# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELLIOTT B. FLOOD ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-4322** |
| **UBER TECHNOLOGIES, INC. ET AL.** | **SECTION I** |

## ORDER & REASONS

Plaintiffs are a group of taxi drivers and companies (collectively, "Taxis") that sued defendants Uber Technologies Inc. and its subsidiary Rasier LLC (collectively, "Uber") as well as several individual Uber drivers alleging violations of the Louisiana Unfair Trade Practices Act ("LUTPA") and other state law claims. Uber removed the case to this Court. The Taxis now move to remand. For the following reasons, the Taxis' motion is granted.

## I.

The Taxis assert that Uber and its drivers have conspired to systematically and consistently flout several municipal and state laws designed to level the playing field between traditional taxi services and peer-to-peer ride sharing providers.[1] This conduct, the Taxis contend, creates unfair competition in violation of the LUTPA.[2]

Uber removed the Taxis' lawsuit from the Civil District Court for the Parish of Orleans, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Uber recognizes that the plaintiffs and the individual Uber driver defendants are not

---

[1] R. Doc. No. 8-1, at 2.
[2] *Id.*

diverse, as they are all citizens of Louisiana.³ Uber nevertheless maintains that jurisdiction in this Court is proper because the individual Uber driver defendants are improperly joined and, as a result, their citizenship should be disregarded for diversity purposes.⁴

Accordingly, the central question before the Court is whether the individual Uber drivers are properly joined defendants. If they are, then complete diversity is lacking, and remand is required. If they are not, then complete diversity exists, and remand would be inappropriate.

## II.

When challenging the propriety of joinder, "[t]he removing party bears a heavy burden of proving that the joinder of the in-state party was improper . . . that is, to show that sham defendants were added to defeat jurisdiction." *Smallwood Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* at 573.

A removing defendant may show improper joinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). As to the second method—the

---

³ *See* R. Doc. No. 1, at 10.
⁴ *Id.* at 10–16.

2

only one at issue here—the Fifth Circuit has held that the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* In determining the validity of an improper joinder claim, the Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005).

To assess a plaintiff's possibility of recovery against an in-state defendant, the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[5] *Smallwood*, 385 F.3d at 574. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* When conducting the 12(b)(6)-style inquiry, federal pleading standards apply. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Further, the Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory*, 434 F.3d at 308 (quotations omitted).

---

[5] Alternatively, a court may, "in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d 568. However, this technique is reserved for the rare cases, "hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* This is no such case.

"Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Settlement Funding LLC v. Rapid Settlements Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). Similarly, the Court must "resolve all ambiguities in the controlling state law in the plaintiff's favor." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). As a general matter, 12(b)(6)-type challenges are "viewed with disfavor" and are "rarely granted." *See Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013).

## III.

### A.

This Court is not the first to pass upon the question of whether the Taxis have pleaded a valid cause of action under the LUTPA. *Green v. Garcia-Victor*, No. 16-905 (Civ. Dist. Ct. Par. Orleans 2016), involves a virtually identical LUTPA claim brought by taxi drivers and companies against a number of individual Uber drivers. In *Green*, taxi drivers sued Uber drivers alleging violations of the LUTPA. Like the Taxis in the instant case, the *Green* plaintiffs assert that Uber drivers in New Orleans engage in a plan or practice to violate state and municipal laws in order to unfairly compete with their taxi driver counterparts. The *Green* defendants filed exceptions under Louisiana law, claiming that the plaintiff taxi drivers had no right or cause of action to bring suit.

With respect to the defendants' right of action exception, the state trial court found that plaintiffs had a right of action. The Louisiana Court of Appeals for the Fourth Circuit and the Louisiana Supreme Court denied supervisory writs.

4

With respect to the defendants' cause of action exception, the state trial court initially granted the exception. The plaintiffs then amended their petition, and the defendants renewed their exception. Considering the plaintiffs' amended petition, the state trial court found that the plaintiffs stated a cause of action under the LUTPA. The Louisiana Court of Appeals for the Fourth Circuit denied a supervisory writ on the issue, and the Louisiana Supreme Court remanded for full briefing, argument, and a written opinion. On remand, the *en banc* Louisiana Court of Appeals for the Fourth Circuit again denied the writ, concluding that the plaintiffs stated a cause of action for LUTPA violations. As that court noted,

> [A]biding by our limited scope on an exception of no cause of action, we find that the Cabbies' petition states a cause of action. Firstly, the Cabbies are persons pursuant to La. R.S. 51:1409(A). Secondly, the Cabbies alleged an ascertainable loss (loss of income, relevant market share, business reputation, goodwill, and attorneys' fees and costs), specific amounts to be determined during discovery/trial. Thirdly, the Cabbies contend that the Ubers' alleged practice of working outside the regulations applicable to [Transportation Network Companies] results in unfair trade practices, i.e. the Ubers now are performing work reserved to the Cabbies. If Ubers are illegally functioning as Cabbies, they could be subject to the same set of regulations applicable to Cabbies. Unfair trade practices offend established public policy when the practice is unethical, oppressive, unscrupulous, or substantially injurious.
>
> Accepting all of the Cabbies' well-pleaded factual allegations as true as a whole and resolving all doubt in their favor, we find that under the facts and circumstances of this case, the Cabbies have stated a cause of action pursuant to LUTPA. The trial court did not err by denying the Ubers' Exception of No Cause of Action.[6]

---

[6] R. Doc. No. 8-2, at 12–13.

Thus, the most recent reasoned opinion on the issue—an opinion issued by a Louisiana appellate court sitting *en banc* and analyzing a Louisiana statute—directly contradicts Uber's assertion of improper joinder. Faced with essentially the same claims asserted here, the Louisiana Court of Appeals for the Fourth Circuit concluded that the LUTPA permits taxi drivers and companies to pursue claims against individual Uber drivers for unfair competition stemming from the latter's purported practice of violating state and municipal law.

This Court is persuaded by that conclusion and, therefore, finds that Uber has not met its heavy burden of demonstrating that there is no possibility of recovery by the Taxis against the in-state defendants in this case. Particularly in light of *Green*, the Court concludes that there is a reasonable basis to predict that the Taxis might be able to recover against one or more of the individual Uber drivers. The Court expresses no view as to whether the Taxis will actually or even probably prevail on the merits of their claims; it simply observes that there is a possibility that the Taxis might do so. Consequently, the individual Uber driver defendants are not improperly joined, and their Louisiana citizenship defeats diversity in this case. Hence, remand is appropriate.

**B.**

As Uber correctly points out, when conducting an improper joinder analysis, the Court must apply federal pleading standards. *Int'l Energy*, 818 F.3d at 208. This, however, does not change the Court's conclusion that remand is the proper course in this case.

6

The federal pleading standard simply requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The LUTPA declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. Rev. Stat. § 51:1405(A). It further provides, in pertinent part:

> Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by

---

[7] Uber argues that the heightened pleading requirements of Rule 9(b) apply here. The Court disagrees. Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

In support of its argument that Rule 9(b) applies to the Taxis' LUTPA claim, Uber cites *Cooper v. Primary Care Sols., Inc.*, No. 16-259, 2017 WL 1086186 (M.D. La. Mar. 21, 2017) (Wilder-Doomes, M.J.). *Cooper* however is inapposite. In *Cooper*, the Court did apply Rule 9(b)'s heightened requirements to the plaintiffs' LUTPA claim. However, that LUTPA claim was based on the plaintiffs' allegation that they were misled into investing in the defendants' business. Specifically, the *Cooper* plaintiffs alleged that the defendants' used deceptive practices and engaged in fraudulent conduct to coerce and induce them into entering into a franchise investment scheme and fraudulent investment contracts. *Id.* at *8. The Court, therefore, construed plaintiff's LUTPA claim as one involving fraud and applied Rule 9(b). *See id.* ("The Fifth Circuit has instructed that 'Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.'").

The present case is distinguishable from *Cooper*, as it does not include specific fraud allegations. Rule 9(b)'s heightened pleading requirements, therefore, do not apply.

7

> R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.

La. Rev. Stat. § 51:1409(A). Thus, "[t]he elements of a cause of action under the LUTPA are: (1) an unfair or deceptive trade practice declared unlawful; (2) that impacts a consumer, business competitor or other person to whom the statute grants a private right of action; (3) which has caused ascertainable loss." *Who Dat Yat LLC v. Who Dat? LLC*, No. 10-1333, 2011 WL 39043, at *3 (E.D. La. Jan. 4, 2011) (Barbier, J.). "[B]usiness consumers and competitors are included in the group afforded [a] private right of action" under the LUTPA. *See Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So.3d 1053, 1057 (La. 2010).

The LUTPA does not specifically define what actions constitute an unfair trade practice. Rather, the statute leaves this determination "to the courts to decide on a case-by-case basis." *Chem. Distribs. Inc. v. Exxon Corp.*, 1 F.3d 1478, 1485 (5th Cir. 1993). A practice is unfair when it "offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Cheramie*, 35 So. 3d at 1059.

The Taxis, who are business competitors of the individual Uber drivers, allege that the individual Uber drivers engage in the unfair practice of evading state and municipal law in such a manner that causes them ascertainable loss—namely, the loss of income, loss of market share, and devaluation of their Certificate of Public Necessity and Convenience. The Taxis assert that the individual Uber drivers' conduct causes economic damages and forces the Taxis from the market.

Accepting all of the Taxis' allegations as true, viewing those allegations in a light most favorable to the Taxis, and recognizing the general disfavor of 12(b)(6)-style challenges as well as the need to strictly construe the removal statute in favor of remand, the Court concludes that, under the federal pleading standard, the Taxis' have pleaded a valid LUTPA claim against the individual Uber drivers.[8]  Thus, the individual Uber drivers are properly joined in this case, and remand is required.

## V.

Finally, the Court declines Uber's invitation to sever the non-diverse individual Uber driver defendants and retain jurisdiction over the claims against Uber.  Federal Rule of Civil Procedure 21 permits a district court, on motion or on its own, to add or drop a party at any time on just terms.  A district court has "broad discretion" to order or deny severance.  *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000).  In determining whether severance is appropriate, a court may consider the interest of judicial economy.  *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, No. 16-1066, 2016 WL 4409555, at *4 (E.D. La. Aug. 19, 2016) (Fallon, J).  "The party seeking Rule 21 severance bears the burden of proving that such action is necessary."  *Id.* (citation omitted).

Severance in this case is unnecessary.  In fact, it would likely be counterproductive.  Severing the non-diverse individual Uber drivers would result in the Taxis simultaneously pursuing the exact same claims in state and federal court.

---

[8] Again, the Court offers no view on the merits of the Taxis' claim.  It simply finds, much like the Louisiana Court of Appeals for the Fourth Circuit, that the Taxis have stated a claim upon which relief *may* be granted.

As the Taxis note, such action would "leave[] open the very probable possibility of inconsistent factual findings, inconsistent rulings[,] and inconsistent judgments on the exact same issues."[9]

Additionally, "the Court is cognizant of the deference owed to a plaintiff's choice of forum, especially where Rule 21 is being used to create jurisdiction rather than preserve it." *Id.* at *7. "While Rule 21 is routinely employed in cases that began in federal court, the federal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent." *Id.* (quotations and citations omitted). The Court, therefore, declines to exercise its discretion to sever the Taxis' claims against the non-diverse individual Uber driver defendants.

Accordingly,

**IT IS ORDERED** that the Taxis' motion to remand is **GRANTED** and the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans for lack of subject matter jurisdiction.

New Orleans, Louisiana, July 12, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. No. 8-1, at 15.